Mr. Jack Jarrett Deputy Director Arkansas Judicial Department Justice Building Little Rock, Arkansas 72201
Dear Mr. Jarrett:
This is in response to your September 24, 1987 request for an opinion regarding the legality of an "Equipment Sales Agreement" between your Department and the Harris Corporation, dated August 4, 1987.
We have reviewed the Equipment Sales Agreement, together with all attachments thereto. This Agreement was apparently entered into prior to your request for our opinion regarding its legality. Our review and comments have therefore been addressed to applicable requirements of state law rather than the general advisability of particular provisions.
Based upon this examination, and upon our knowledge of the provisions of the Constitution and laws of the State of Arkansas, including relevant decisions of the Arkansas Supreme Court, it appears that: (1) the buyer is an agency of the State of Arkansas; (2) this office has previously issued Opinion Number 86-56 indicating that this agency is exempt from the bidding requirements of the Arkansas Purchasing Law; (3) the Agreement has been executed by Jack Jarrett who has authority to execute and deliver the contract on behalf of the agency.
With regard to the enforceability of this contract in accordance with its term, it appears that the contract is void as to the unpaid interest pursuant to Amendment No. 60 to the Arkansas Constitution. Paragraph E of the "Delivery Order" sets a rate of interest of 12%. According to the Federal Reserve Bank branch of St. Louis, the Federal Reserve Discount Rate in effect in the Arkansas district on August 4, 1987 was 5%. The 12% rate therefore exceeds the maximum lawful rate of interest as set forth in Amendment 60.
It should also be noted that our copy of the "Delivery Order," dated August 4, 1987, reflects no entry under Paragraph B with respect to the percentage to be charged for "Late Payments." We therefore assume that the rate is zero percent (0%). A question also arises with respect to the enforceability of Subsection 7.2(c) and (d) since the State cannot agree to pay, upon default, all sums to become due under a contract.
Except to the extent limited as specifically noted herein, and by other State and federal laws affecting remedies and by bankruptcy, reorganization or other laws of general application relating to or affecting the enforcement of creditors rights, the Equipment Sales Agreement constitutes a valid and binding contract of the agency.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker. ------------------------------------------------------------------------ (attachment)
TO: JACK JARRETT, DEPUTY DIRECTOR Arkansas Judicial Department
FROM: ELISABETH A. WALKER Assistant Attorney General, State of Arkansas
DATE: November 9, 1987
RE: Equipment Sales Agreement entered August 4, 1987 between the Harris Corporation and Arkansas Judicial Department (Contract No. 13410).
This memorandum is provided as a follow-up to our recent conversation wherein I indicated that, in addition to the unenforceability of this contract as to the stated rate of interest, the advisability of several other provisions must be questioned. you requested that a memorandum be provided setting forth those provisions. They are as follows:
 1. The State may not contract to pay penalties or charges for payment or any penalties or charges which in fact are penalties for any reason. Clarification of the zero percent (0%) rate for "Late Payments" under Paragraph B of the "Delivery Order" is therefore necessary in light of the provision of "Late Charges" under Subsection 4.2 of the Agreement.
This prohibition also renders enforceable Subsection 7.2(c) and (d) under "Remedies" wherein reference is made to the State's liability for the balance due under the contract. a party wishing to contract with the State is ordinarily requested to remove language from its contract which grants to it any remedies other that the right to possession, the right to accrued payments, the right to expenses of deinstallation, the right to expenses of repair to return the equipment to normal working order, normal wear and tear excepted, the right to recover only amounts due up to the point of repossession and any unamortized non-recurring costs as allowed by the Arkansas Claims Commission. Nor may the State agree to pay legal expenses or other costs and expenses of any party.
 2. The State does not ordinarily indemnify and defend a vendor for any liability and damages. The State may, however, agree to hold the vendor harmless from any lost or claim resulting directly from and attributable to the State's use or possession of equipment and reimburse that party for the loss caused solely by the State's use or possession. The State would therefore usually not agree to the language of either Subsection 5.3 or 11.3, particularly where, as here, the vendor is the manufacturer of the equipment.
 3. With respect to termination for non-appropriations under Subsection 8.1, the written notice period is usually thirty (30) rather than sixty (60) days.
 4. The State generally does not agree that the vendor may unilaterally assign all rights to an assignee, nor is the State usually in a position to agree to send all contract notices to the vendor, as well as the assignee. (See Subsections 9.1 and 9.2). Provision is usually made for the State's consent to an assignment, although the consent cannot be unreasonably withheld.
If this Agreement is revised at some point, and if it is anticipated that another opinion will be requested from this office, it is advisable that the revised agreement be forwarded to us for review prior to its execution.